## BENJAMIN GROVER, Administrator, *versus* CHARLES W. GROVER.

A valid gift may be made, *inter vivos*, of a promissory note payable to the order of the donor, without indorsement by him or other writing.

If the donee, in such case, after receiving the note from the donor, hand it back to him, and request him to keep it until he, the donee, should call for it, or to collect it for him, the gift is not thereby annulled.

The donee may, upon the death of the donor, maintain an action against the maker of such note, in the name of the donor's administrator against his consent.

ASSUMPSIT upon a promissory note made by the defendant, and payable to the order of Hiram S. Grover, the plaintiff's intestate.

At the trial, before *Putnam* J., it appeared, that in March 1832, Grover V. Blanchard called to see the intestate. Upon an inquiry being made, whether the intestate had put on record a deed of mortgage given to secure the payment of the note in question, the intestate produced the deed, which had not then been recorded, and the note, and said to Blanchard, " I will

make a present of these to you, if you will accept them." Blanchard then took them and put them in his pocket, saying that he would accept them as a token of love, or affection, or respect. Before they parted, Blanchard handed them back to the intestate, saying to him, " you may keep the papers until I call for them, or collect them for me." No assignment was made on the note or mortgage. Afterwards the intestate put the mortgage deed on record. The plaintiff, after the death of the intestate, in October 1832, took the deed from the register's office, and, having received of the defendant payment of the amount secured thereby, discharged the mortgage. Upon the death of the intestate, the note was found in his chest, with his papers ; and Blanchard took it, refused to deliver it to the plaintiff, and caused this action to be brought.

The defendant contended : 1. That no valid gift of a chose in action could be made *inter vivos* without writing ; 2. That the name of the donor, or of the administrator or executor of the donor, could not be used without his consent, in an action brought for the use of the donee ; and, 3. That the donor could not, by law, act as the agent of the donee to keep the papers or collect the money.

The jury found, that the intestate did intend to give the property contained in the note and mortgage, absolutely, to Blanchard.

The whole Court were to determine, upon these facts, whether or not the property passed and vested in Blanchard, and whether or not he might maintain this action without the consent of the nominal plaintiff, for his own use, under the facts and circumstances above stated.

*Keyes* and *Farley*, for the defendant. In order to pass property by a gift *inter vivos*, there must be not only an intention to give, but an actual delivery, according to the nature of the subject matter ; and the donee must have the entire control of the thing given. In the present case there was not such a delivery, and the donee did not acquire entire control over the note and mortgage. Something remained to be done by him, in order to obtain the value. The thing given was a chose in action, and no valid gift can be made of a chose in action, *inter vivos*, without writing. In all the cases where

mere equitable assignments have been supported, the assign- <span>Grover</span>
ments were founded on a valuable consideration. *Perkins* v. <span>*v.*</span>
*Parker*, 1 Mass. R. 117 ; *Fink* v. *Cox*, 18 Johns. R. 145 ; <span>Grover.</span>
*Tate* v. *Hilbert*, 2 Ves. jun. 112 ; *Cotteen* v. *Missing*, 1
Madd. Ch. R. 176 ; 2 Kent's Comm. 355. Public policy
requires, that the evidence of transactions like the one in ques
tion, should be in writing.

Blanchard had no right to use the name of the administrator
against his consent. The assignee has a right to use the name
of the assignor, where the assignment is founded on a valuable
consideration, upon the ground of implied contract. If the
assignor could, by refusing to permit his name to be used, de-
feat his own agreement, it would be a fraud on the assignee.
But in the present case, Blanchard has given no consideration
for the use of the name of the plaintiff. As the entire control
over the note and mortgage had not passed from the intestate,
he might have revoked the gift ; and the same right to revoke
vested in the administraor.

*Hoar*, for the plaintiff, to the point, that the transfer was
well made by parol, cited *Howell* v. *MacIvers*, 4 T. R. 690 ;
*Heath* v. *Hall*, 4 Taunt. 326 ; *Jones* v. *Witter*, 13 Mass. R.
304 ; *Dunn* v. *Snell*, 15 Mass. R. 481 ; *Crocker* v. *Whit-
ney*, 10 Mass. R. 316 ; and that the action might be main-
tained in the name of the nominal plaintiff without his consent,
*Master* v. *Miller*, 4 T. R. 340 ; *Myers* v. *James*, 2 Bailey's
(S. Carolina) R. 547 ; *Owings* v. *Low*, 5 Gill & Johns. 134.

WILDE J. delivered the opinion of the Court. The jury <span>*March 20th,*</span>
have found, that the deceased intended to give the property in <span>*1837, at*</span>
the note, and in the mortgage made to secure it, absolutely, to <span>*Boston.*</span>
Blanchard ; and the question is, whether by the rules of law
this intention can be carried into effect.

It is objected, that no valid gift of a chose in action can
be made *inter vivos*, without writing, and this objection would
be well maintained, if a legal transfer of a chose in action were
essential to give effect to a gift. But as a good and effectual
equitable assignment of a chose in action may be made by
parol, and as courts of law take notice of and give effect to
such assignments, there seems to be no good foundation for this
objection. It is true that the cases, which are numerous, in

which such equitable assignments have been supported, are founded on assignments for a valuable consideration ; but there is little, if any, distinction in this respect, between contracts and gifts *inter vivos ;* the latter indeed, when made perfect by delivery of the things given, are executed contracts. 2 Kent's Comm. (3d ed.) 438. By delivery and acceptance the title passes, the gift becomes perfect, and is irrevocable. There is, therefore, no good reason why property thus acquired should not be protected as fully and effectually as property acquired by purchase. And so we think that a gift of a chose in action, provided no claims of creditors interfere to affect its validity, ought to stand on the same footing as a sale.

The cases favorable to the defence do not depend on the question, whether an assignment must be in writing, but on the question, whether a legal transfer is not necessary to give validity to a donation of a chose in action. The donation of a note of hand payable to bearer, or of bank notes, lottery tickets and the like, where the legal title passes by delivery, is good ; for by the form of the contract no written assignment is necessary ; but as to all other choses in action, negotiable securities excepted, it has been held in several cases, that they are not subjects of donation *mortis causâ*, on the ground undoubtedly, for I can imagine no other, that a legal assignment is necessary to give effect to such donations ; and the same reason would apply to donations *inter vivos*. The leading case on this point is that of *Miller* v. *Miller*, 3 P. Wms. 356, in which it was held, that the gift of a note, being a mere chose in action, could not take effect as a donation *mortis causâ*, because no property therein could pass by delivery, and an action thereon must be sued in the name of the executor. But in *Snellgrave* v. *Bailey*, 3 Atk. 214, Lord *Hardwicke* decided, that the gift and delivery over of a bond was good as a donation *mortis causâ*, on the ground that an equitable assignment of the bond was sufficient. It seems to be very difficult to reconcile these two cases. The distinction suggested by Lord *Hardwicke* in the case of *Ward* v. *Turner*, 2 Ves. sen. 431, in which he adheres to the decision in *Snellgrave* v. *Bailey*, is technical, and, to my mind, unsatisfactory ; and certainly has no application to our laws, which place

bonds and other securities on the same footing. We cannot, therefore, adopt both decisions without manifest inconsistency ; and we think, for the reasons already stated, that the decision in *Snellgrave* v. *Bailey* is supported by the better reasons, and is more conformable to general principles, and the modern decisions in respect to equitable assignments. We are, therefore, of opinion that the gift of the note of hand in question is valid ; and in coming to this conclusion, we concur with the decision in the case of *Wright* v. *Wright*, 1 Cowen, 598, wherein it was held, that the gift and delivery over of a promissory note, *mortis causâ*, is valid in law, although the legal title did not pass by the assignment.

It is not necessary to decide whether the gift of the mortgage security is valid, although it is reported to have been said by the vice chancellor, in the case of *Duffield* v. *Elwes*, 1 Sim. & Stu. 243, that a mortgagor was not compellable to pay the mortgage debt without having back the mortgage estate ; and for that and other reasons he decided, that a mortgage was not a subject of a gift, *mortis causâ*. This decision, however, was afterwards overruled in the House of Lords, *Duffield* v. *Elwes*, 1 Bligh's New R. 497, on the ground, that the gift of the debt operated as an equitable assignment of the mortgage. But as we think it clear, that the right to maintain this action does not depend on that question, we give no opinion in regard to it.

Another objection is, that if the gift was valid and complete, by the delivery of the note, it was annulled by the redelivery to the donor. We think this objection also is unfounded. In the case of *Bunn* v. *Markham*, 7 Taunt. 230, *Gibbs* C. J. lays it down as a well settled principle, that if after a donation *mortis causâ*, the donor resumes possession, he thereby revokes and annuls the donation. This is the law no doubt. Whether there may not be an exception to this rule, when the donor takes back the thing given at the request of the donee, for a particular purpose, and agrees to act as his agent under circumstances negativing every presumption that he intended to revoke his gift, is a question which it is not necessary now to consider ; for the principle has no relation to a donation *inter vivos*. When such a donation is completed

by delivery, the property vests immediately and irrevocably in the donee ; and the donor has no more right over it than any other person. But a donation *mortis causâ* does not pass a title immediately, but is only to take effect on the death of the donor, who in the mean time has the power of revocation, and may at any time resume possession and annul the gift.

The last objection to the maintenance of this action by Blanchard, in the name of the administrator, has been sufficiently answered in considering the first objection. It is contended, that the consent of the administrator is necessary. But if an equitable assignment is sufficient to complete the gift, it follows that the administrator is trustee, and cannot set up his legal right in order to defeat the trust. This is fully established by the case of *Duffield* v. *Elwes*, 1 Bligh's New R. 497 ; *Hunt* v. *Beach*, 5 Madd. Ch. R. 351 ; and *Duffield* v *Hicks*, 1 Dow, 1.

*Judgment for plaintiff for the use of Blanchard.*